## ALMOND *vs.* GAIRDNER & ARNOLD.

CLAIM, FROM ELBERT. Husband and Wife. Debtor and Creditor. Charge of Court. Fraud. Evidence. (Before Judge Lumpkin.)

Hall, J.—1. Where the creditor of a husband was seeking to subject property which was claimed by the debtor's wife, on the ground that the conveyance by the husband to the wife was made to hinder, delay and defraud creditors, and where there was evidence to show or from which the jury might infer, that the conveyance from the husband to his wife, was without consideration, it was proper for the court to give in charge the law in reference to voluntary conveyances and their effect upon the rights of creditors.

2. On the trial of such an issue between a creditor and the wife of the debtor, involving the *bona fides* of the parties and the transfer of the property directly or indirectly from the husband to his wife, a deed and

mortgage connected with or growing out of the transaction which resulted in the conveyance from the husband to the wife, which was in issue, threw light upon the dealings between the debtor and his wife, and were admissible in evidence, although the deed was made some months after the conveyance of the property directly in dispute.

3. No impropriety appears in the fact that the court said to counsel for claimant that he and the court agreed as to the law of the case, and that there was no difference on that subject between counsel for the contending parties; nor does it appear how such remarks could have improperly influenced the jury.

4. Although one sentence of a charge, if taken alone, may have seemed to require that the consideration of a conveyance from a husband to his wife must be adequate, in order to sustain a claim to the property against his creditor, yet if, when taken in connection with its context, it appears that such was not the rule laid down, but that the court charged that gross inadequacy of consideration, if it existed, was a badge of fraud and a circumstance that the jury might consider in determining whether the conveyance to the claimants was fair and honest or was fraudulent, and also charged that if the husband, *bona fide* and for a valuable consideration, conveyed the land in dispute to his wife in payment, or part payment, of an indebtedness to her, and if the consideration was fair and just, they would find for the claimant, this furnishes no ground for a reversal.

(a) There was sufficient evidence to sustain the verdict.

Judgment affirmed.

T. C. Carlton, by J. H. Lumpkin; A. G. McCurry, for plaintiff in error.

Jeseph N. Worley; John P. Shannon, for defendant.